**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

HAWTHORNE HYDROPONICS LLC,

       Plaintiff,

    v.

LUXX LIGHTING, INC., BRANDON
BURKHART, AND IVAN VAN ORTWICK,

       Defendants.

C.A. No. 22-01631-CFC-SRF

## STIPULATED CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

Plaintiff Hawthorne Hydroponics LLC and Defendants Luxx Lighting, Inc., Brandon Burkhart, and Ivan Van Ortwick (individually as a "Party" and collectively as the "Parties"), through their undersigned counsel, hereby STIPULATE and AGREE to be bound by the terms of the following Confidentiality Agreement and Protective Order ("Protective Order"), the provisions of which shall, subject to the approval of the Court, facilitate discovery and govern the dissemination and use of confidential, proprietary, or private material produced in the above-captioned action ("Action"):

    1.    This Protective Order is entered into pursuant to Federal Rule of Civil Procedure 26(c) and shall govern the use, handling and dissemination of all information, documents, testimony or materials that are produced or made available for inspection by any Party or nonparty in connection with this Action prior to trial and designated as "Confidential" or "Confidential – Attorneys' Eyes Only." Any use of protected material at trial shall be governed by a separate agreement or Court order. Challenges to any designations pursuant to this Protective Order shall be governed by the terms provided herein. However, the protections conferred by this Protective

Order do not cover the following: (a) any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party (as defined below) prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party (as defined below).

2.      The term "document" or "documents," as used in this Protective Order, includes, without limitation, documents, electronically stored information, data, and tangible things as described in Rule 34(a)(1)(A)-(B) of the Federal Rules of Civil Procedure.

3.      Information or materials produced or obtained in connection with this Action that contain or comprise nonpublic information may be designated under this Protective Order, including, without limitation: (a) documents, data, exhibits, answers to interrogatories, responses to requests for admissions, deposition testimony and transcriptions (including exhibits), and all written, recorded, graphic or electronically-stored materials (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts or summaries of such information, and the information itself; and (c) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information (collectively, "Litigation Materials").

4.      Subject to Paragraph 5 below, the following Litigation Materials may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Protective Order: (a) Litigation Materials that contain or comprise any Party's or nonparty's confidential scientific, technical, commercial, financial, business, or trade secret information; (b) Litigation Materials containing personally identifiable information or protected health information; (c) Litigation

Materials that contain information received in confidence from a nonparty; (d) Litigation Materials that contain information that any Party or nonparty is required to maintain as, or otherwise keep, as confidential pursuant to a written agreement or under applicable law; and (e) Litigation Material that otherwise qualify for protection under Federal Rule of Civil Procedure 26(c).

5.      Litigation Materials may only be designated as "Confidential – Attorneys' Eyes Only" under the terms of this Protective Order if a Party believes in good faith that such Litigation Materials contain trade secrets or sensitive commercial information the disclosure of which to another Party would create a substantial risk of serious or irreparable harm that could not be avoided by less restrictive means.

6.      "Receiving Party" means a party or nonparty that receives Litigation Materials in connection with this Action.

7.      "Designating Party" shall mean a party or nonparty that designates materials as "Confidential," or "Confidential – Attorneys' Eyes Only."

8.      Litigation Materials designated as either "Confidential" or "Confidential – Attorneys' Eyes Only" shall be referred to herein as "Confidential Materials."

9.      Pursuant to, without limitation, Federal Rule of Evidence 502(d), producing or disclosing documents and things or making them available for inspection shall not constitute a waiver by the producing or disclosing Party of any claim or right to object on the basis of relevancy, admissibility, discoverability, confidentiality, attorney-client privilege, work product protection or immunity or any other right under any applicable law or agreement, or of the right of any Party or nonparty to oppose production of any Litigation Materials. This non-waiver provision shall apply with respect to any claim of attorney-client privilege or work product protection in any other federal or state proceeding pursuant to Federal Rule of Evidence 502(d).

RLF1 29337501v.1

10.     All Confidential Materials, the contents thereof and any information derived therefrom (including, without limitation, all deposition or pre-trial hearing testimony), shall be used or disclosed only as provided for in this Protective Order, and shall not be, either directly or indirectly, made public by any Receiving Party or be used by a Receiving Party for any purpose other than prosecuting or defending this Action. A Receiving Party shall not use or disclose the Confidential Materials for any other purpose, including but not limited to any business, commercial, or competitive purpose.

11.     Any Party or nonparty producing Litigation Materials in connection with this Action may designate materials as Confidential Materials, or portions thereof, prior to production by marking them "Confidential" or as "Confidential – Attorneys' Eyes Only" on each page that contains protected material, except that in the case of multi-page documents bound together by staple or other permanent binding, or information provided by other forms of data compilation, such as by computer disc or flash drive, the legend "Confidential" or "Confidential – Attorneys' Eyes Only" need only be stamped on the first page of the document or on the face of any other form of data compilation in order for the entire document or other form of data compilation to be treated as Confidential or Confidential – Attorneys' Eyes Only.

12.     The failure to designate any Litigation Materials as Confidential or Confidential – Attorneys' Eyes Only before producing them shall not waive a Party's or nonparty's right to later so designate such Litigation Materials. If Litigation Materials claimed to be Confidential or Confidential – Attorneys' Eyes Only are produced without that designation, such Litigation Materials and all copies thereof shall be destroyed by the Receiving Party or returned by the Receiving Party to the Designating Party for such designation within three (3) business days following the receipt of written notice requesting their return. Within three (3) business days

following the destruction or return of such Litigation Materials, the Designating Party will provide a replacement production with the desired designation. The Receiving Party shall otherwise reasonably cooperate with the Designating Party to restore the confidentiality of such Litigation Material, provided however that the Receiving Party shall not be responsible for the disclosure or other distribution of undesignated or misdesignated material made in accordance with the terms of this Protective Order before the receipt of such notification of a claim of confidentiality ("Pre-Notification Disclosure") and such Pre-Notification Disclosure shall not be deemed to be a violation of this Protective Order. Further, the inadvertent production of Litigation Materials (including, without limitation, testimony) claimed to be Confidential or Confidential – Attorneys' Eyes Only without that designation shall not constitute a waiver of confidentiality.

13.     In the case of depositions or other pre-trial testimony in this Action, testimony or any portion thereof, or any exhibits or any portion thereof, may be designated as Confidential Material: (a) by a statement on the record by counsel designating the disclosure or testimony as Confidential or Confidential – Attorneys' Eyes Only at the time it is made or before the conclusion of the deposition or proceeding in which the testimony is given; or (b) by written notice, sent to all Parties within ten (10) business days of receipt of the final transcript of the deposition or other pre-trial testimony setting forth the relevant page, line numbers and designation. All transcripts shall be treated as Confidential – Attorneys' Eyes Only until the expiration of the ten-business-day period described in this Paragraph. Before a final transcript of the testimony is prepared, the Parties shall direct the court reporter to place the following statement (or substantially similar) on the cover of any transcript containing Confidential information: "This transcript contains Confidential (and/or Confidential – Attorneys' Eyes Only) information subject to a Protective Order: pages _____ to _____ be filed under seal." The court reporter shall place "This testimony has

been designated Confidential (and/or Confidential – Attorneys' Eyes Only) pursuant to Court Order" (or substantially similar) on each page of the transcript containing testimony designated as Confidential or Confidential – Attorneys' Eyes Only. No person shall be present during any portion of any deposition designated as Confidential or Confidential – Attorneys' Eyes Only unless that person is an authorized recipient of Litigation Materials containing such confidential information under the terms of this Protective Order. If a deposition is recorded on video, the computer disc or flash drive shall be designated Confidential or Confidential – Attorneys' Eyes Only consistent with the terms of Paragraph 11.

14.     Any Party may object in good faith to the designation of Litigation Materials pursuant to this Protective Order. Such objection shall be made in writing, sent to the Designating Party, and shall state the reasons for the objection. Those involved shall attempt in good faith to negotiate an informal resolution of the dispute. If attempts at an informal resolution of any such dispute prove unsuccessful, the objecting Party may move the Court to determine the designated status of such materials and seek relief from the provisions of this Protective Order in accordance with the Court's discovery dispute procedures. Any Litigation Materials the designation of which are subject to such dispute shall remain so designated by the Designating Party and shall be treated in accordance with such designation pending further Court order. Failure to challenge a designation shall not be construed as an admission that the information or materials were properly designated as Confidential or Confidential – Attorneys' Eyes Only.

15.     In the absence of prior written permission from the Designating Party or Court order, Litigation Materials designated or treated as Confidential, as well as copies or extracts therefrom and the information contained therein, may be disseminated, disclosed, given, shown, made available, or communicated to only the following:

a.    The Court and its personnel;

b.    Court reporters and videographers who record depositions or other testimony in this Action;

c.    Outside and in-house counsel for the Parties who are involved in the prosecution or defense of this Action, and their paralegal, secretarial and clerical assistants;

d.    The Parties, including any parties that may be added to this case after entry of this Protective Order (provided, however, that any such new parties shall first execute a stipulation with all parties agreeing to be bound by this Protective Order), and any corporate Party's directors, officers, managers, or employees who are assisting counsel in the defense of this Action;

e.    Third-party consultants and independent experts to whom it is necessary that the Litigation Materials be shown for purposes of assisting counsel in this Action, subject to Paragraph 17 below;

f.    Witnesses at trial or in preparation for trial, or at a deposition in this Action or in preparation for such a deposition, and the counsel representing the witness in connection with trial or such a deposition, but only after such persons have completed and executed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

g.    The authors and recipients of the documents, or any person who otherwise possessed or had access to the document outside of the context of this Action;

h.    Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or other information, provided that such contractors have policies and procedures in place

RLF1 29337501v.1

prohibiting the disclosure of such data, documents, or other information to non-parties and non-court personnel;

i.    Any other person upon the written agreement of the Party or nonparty that designated the Litigation Materials as Confidential (which agreement may, alternatively, be recorded in a deposition or other transcript), or pursuant to Court order. All such persons identified in this subparagraph shall first complete and execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound before Litigation Materials designated as Confidential are disclosed to them. The Party producing the Litigation Materials designated as Confidential shall not unreasonably withhold consent.

16.    In the absence of prior written permission from the Designating Party or Court order, Litigation Materials designated or treated as Confidential – Attorneys' Eyes Only, as well as copies or extracts therefrom and the information contained therein, may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution or defense of this Action):

a.    The Court and its personnel;

b.    Court reporters and videographers who record depositions or other testimony in this Action;

c.    Outside and in-house counsel for the Parties who are involved in the prosecution or defense of this Action, and their paralegal, secretarial and clerical assistants;

d.    Third-party consultants and independent experts to whom it is necessary that the Litigation Materials be shown for purposes of assisting counsel in this Action, subject to Paragraph 17 below;

e.   Witnesses at trial or in preparation for trial, or at a deposition in this Action or in preparation for such a deposition, and the counsel representing the witness in connection with trial or such a deposition, but only after such persons have completed and executed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

f.   The authors and recipients of the documents, or any person who otherwise possessed or had access to the document outside of the context of this Action;

g.   Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or other information, provided that such contractors have policies and procedures in place prohibiting the disclosure of such data, documents, or other information to non-parties and non-court personnel;

h.   Any other person upon the written agreement of the Party or nonparty that designated the Litigation Materials as Confidential – Attorneys' Eyes Only (which agreement may, alternatively, be recorded in a deposition or other transcript), or pursuant to Court order. All such persons identified in this subparagraph shall complete and execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound before Litigation Materials designated as Confidential – Attorneys' Eyes Only are disclosed to them. The Party designating the Litigation Material as Confidential – Attorneys' Eyes Only shall not unreasonably withhold consent.

17.   Any person to whom a Party intends to provide Confidential Materials shall be given a copy of this Protective Order before being shown any Confidential Materials, and its

RLF1 29337501v.1

provisions shall be explained to them by an attorney. Each such person, before having access to Confidential Materials, shall agree not to disclose or make use of any such material other than solely for the purposes as provided in this Protective Order, and shall acknowledge those obligations imposed by this Protective Order and that he or she understands the terms therein.

18.     Prior to disclosing Confidential Materials to any consultants or experts whose identity would not be required to be the subject of a disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(A) (hereinafter "consultant"), the Receiving Party first must complete a reasonable investigation of the expert or consultant and determine (1) that the expert or consultant's current employer(s) are not competitors of any Party, (2) that the expert or consultant is not a past employee of any Party or a competitor of any Party and at the time of retention is not anticipated to become an employee of a Party or a Party's competitor, and (3) that the expert or consultant, and all persons working with or for the expert or consultant that will receive any Confidential Materials, have executed the attached Acknowledgement and Agreement to Be Bound.

19.     Nothing in this Protective Order shall impose any restrictions on the use or disclosure by a Designating Party that designated the Litigation Materials as Confidential as the Designating Party deems appropriate.

20.     By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another's Confidential Materials shall promptly notify that Party or nonparty of the motion so that they may have an opportunity to appear and be heard on whether that information should be disclosed.

21.     In the event that Confidential Materials are disclosed to someone not authorized to receive such information under this Protective Order, counsel of record for the Party making that disclosure, promptly upon learning of such disclosure, shall: (a) give notice to the Designating Party or their counsel: (b) describe the circumstances surrounding the unauthorized disclosure; (c) use its best efforts to retrieve all copies of the Confidential Materials; (d) inform the person or persons to whom unauthorized disclosures were made of all terms of this Protective Order; and (e) request that such person or persons execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

22.     This Order does not prevent any Party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5.1.3. Any Party seeking to file Confidential Materials with the Court shall file such material in accordance with Local Rule 5.1.3.

23.     Before use or disclosure of any Confidential Materials in a hearing or other courtroom proceeding, the Party or nonparty who seeks to use or disclose the material shall, to the extent reasonably practicable, provide reasonable notice of no fewer than ten business days to the Designating Party, to give them an opportunity to request that the Court take appropriate action. However, the Party or nonparty need not do so with respect to any Confidential Materials that have been included in the briefing or other papers for the matter to which the hearing or other courtroom proceeding pertains.

24.     Unless otherwise ordered by this Court, the limitations on the use and disclosure of Confidential Materials shall survive the termination of this Action. The Court will retain jurisdiction to enforce the terms of this Protective Order after termination of this Action, and any

RLF1 29337501v.1

Party or nonparty that has designated Confidential Materials shall have standing to enforce the Protective Order.

25.     If Litigation Materials that are subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or grounds on which production of that information should not be made to any Party ("Inadvertent Production Material") are inadvertently produced, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or other applicable privilege or immunity. If a claim of inadvertent production is made pursuant to this Protective Order, the Party possessing the Inadvertent Production Material shall: (a) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (b) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (c) not use the Inadvertent Production Material for any purpose until further Court order. If destruction or return of Inadvertent Production Material under this Paragraph is not reasonably possible, then the Receiving Party shall take reasonable steps to terminate any access to the contents of Inadvertent Production Material. A Party challenging a claim of inadvertent production pursuant to this Protective Order may move the Court for an order compelling production of the claimed Inadvertent Production Material. While such a motion is pending, the Litigation Materials-in-question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall

such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

26.     Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Action, or any other proceeding in which Confidential Materials are permitted to be used, including the exhaustion of all possible appeals, all persons having received Confidential Materials shall make a good-faith and reasonable effort to (a) return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Designating Party or (b) destroy all such Confidential Materials and certify to that fact in writing to counsel for the Designating Party. Counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney-client communications and work product) derived from or that contains or references Confidential Materials, provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof pursuant to the terms of this Protective Order, and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney-client communications and work product) to any person except pursuant to a court order or agreement by the Designating Party or except as otherwise required by law. Notwithstanding the foregoing, to the extent that a Party is required to retain any Confidential Materials as required by reinsurers, to comply with Federal, state or local regulators, or as otherwise required by law or the Party's internal policies, such material may be retained provided it will continue to be treated as confidential consistent with the terms provided herein. If Confidential Materials are embedded in electronically-maintained material or otherwise such that its destruction or return is not reasonably possible, then reasonable steps shall be taken to maintain the confidentiality of such Confidential Materials.

27.     If any Party receives a subpoena, civil investigative demand, or formal request from any governmental agency, governmental office, or other person that compels disclosure of any information or items designated in this action as "Confidential" or "Confidential Attorneys' Eyes Only" by another Party to this Action, the Party receiving the subpoena, demand, or request shall promptly provide a copy of such subpoena, demand, or request to the Designating Party and, in any case, no later than within three (3) business days of the receipt of same. If the Designating Party timely files a motion with respect to any such subpoena, demand, or request, the Receiving Party shall refrain from producing the Confidential Material until the court rules on the motion. Thereafter, the receiving Party shall comply with the court's order entered in connection with the motion.

28.     The Parties agree that this Protective Order shall not be used to unreasonably impact or impede their ability to conduct discovery or prosecute and defend this Action. A Party may request relief from this Protective Order if the Party believes a restriction or designation is being used to unreasonably impede use of Litigation Materials in the Action. Nothing herein shall preclude any Party from applying to this Court for an order modifying this Protective Order, or shall otherwise preclude any modification of this Protective Order by this Court.

-14-

/s/ Jaclyn C. Levy
Jonathan A. Choa (#5319)
Jaclyn C. Levy (#5631)
P. Andrew Smith (#7117)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
jchoa@potteranderson.com
jlevy@potteranderson.com

*Attorneys for Defendants and
Counterclaimants Luxx Lighting, Inc.,
Brandon Burkhart, and Ivan Van Ortwick*

OF COUNSEL:

Rachael D. Lamkin
Karan Singh Dhadialla
BAKER BOTTS L.L.P
101 California Street, Suite 3200
San Francisco, CA 94111
(415) 291-6200
rachael.lamkin@bakerbotts.com
karan.dhadialla@bakerbotts.com

Cheryl A. Cauley
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite Two
Palo Alto, CA 94304
(650) 739-7500
cheryl.cauley@bakerbotts.com

/s/ Sara M. Metzler
Kelly E. Farnan (#4395)
Blake Rohrbacher (#4750)
Sara M. Metzler (#6509)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
rohrbacher@rlf.com
metzler@rlf.com

*Attorneys for Plaintiff Hawthorne
Hydroponics LLC*

OF COUNSEL:

Marjorie P. Duffy
Alexandra L. Schill
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, OH 43215
(614) 469-3939

Jeffrey J. Jones
JONES DAY
150 West Jefferson Avenue, Suite 2100
Detroit, MI 48226
(313) 230-7950

Dated: July 24, 2023

RLF1 29337501v.1

SO ORDERED this 20th day of _____July_____, 2023.

/s/ _____

The Honorable Colm F. Connolly
Chief United States District Judge

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare as follows:

a.    My address is _____.

b.    My present employer is _____.

c.    My present occupation or job description is _____

_____.

d.    I hereby acknowledge that I have read the Protective Order dated _____ in the above-captioned action and attached hereto, understand the terms thereof; and agree to be bound by and otherwise comply with its terms. I further acknowledge and hereby submit to the jurisdiction of the United States District Court for the District of Delaware in matters relating to the Protective Order, including, without limitation, for purposes of its enforcement, and understand that the terms of the Protective Order obligate me to use documents designated as either "Confidential or "Confidential—Attorneys' Eyes Only" in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

I declare under the penalty of perjury under the law of the United States and the State of Delaware that the foregoing is true and correct, and that this Declaration was executed this _____ day of _____, 202__.

_____